IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA

AT _Anchorage_

SEARCH WARRANT     NO. _05-855_

TO: Any Peace Officer

☐  Sworn testimony having been given by _____

☒  An affidavit having been sworn to before me by _APD Officer S. Haas_ _____

☐  Following my finding on the record that there is probable cause to believe that 1) the presentation of the applicant's affidavit or testimony personally before a judicial officer would result in a delay in obtaining or executing a search warrant; and 2) the delay might result in loss or destruction of the evidence subject to seizure or might interfere with an ongoing investigation, recorded sworn testimony was given by telephone by _____

_____

I find probable cause to believe that

☐  on the person of _____

☒  on the premises known as _a maroon 1981 maroon BMW VIN: WBAAG 3302B8013492, currently being stored at APD outdoor secure storage_ _____ at _Anchorage_ , Alaska,

there is now being concealed property, namely:

See attachment A

**Page 1 of 4**
**CR-706 (8/03)(st.4)**
**SEARCH WARRANT**

AS 12.35.010-.120
Crim. R. 37          000017

SEARCH WARRANT NO. 05-955

and that such property (see AS 12.35.020)

☒  1.  is evidence of the particular crime(s) of *Misconduct Involving a Controlled Substance*

☐  2.  tends to show that _____ committed the particular crime(s) of _____

☐  3.  is stolen or embezzled property.

☐  4.  was used as a means of committing a crime.

☐  5.  is in the possession of a person who intends to use it as a means of committing a crime.

☐  6.  is one of the above types of property and is in the possession of _____ _____, to whom _____ delivered it to conceal it.

☐  7.  is evidence of health and safety violations.

**YOU ARE HEREBY COMMANDED** to search the person or premises named for the property specified, serving this warrant, and if the property be found there, to seize it, holding it secure ✳ pending further order of the court, leaving a copy of this warrant, and all supporting affidavits, and a receipt of property taken. You shall also prepare a written inventory of any property seized as a result of the search pursuant to or in conjunction with the warrant. You shall make the inventory in the presence of the applicant for the warrant and the person from whose possession or premises the property is taken, if they are present, or in the presence of at least one credible person other than the warrant applicant or person from whose possession or premises said property is taken. You shall sign the inventory and return it and the warrant within 10 days after this date to any judge as required by law.

**YOU SHALL SERVE THIS WARRANT:**

☒  between the hours of 7:00 a.m. and 10:00 p.m.

☐  between the hours of _____ and _____.

☐  at any time of the day or night.

✳ BASED UPON ATTACHMENT B APD MAY DESTROY/ DISPOSE OF EVIDENCE RELATED TO METHAMPHETAMINE AFTER PHOTOGRAPHING AND TAKING SUFFICIENT SAMPLES TO ALLOW CHEMICAL ANALYSIS BY LAW ENFORCEMENT AND DEFENSE. THIS ORDER INCLUDES ITEMS CAPABLE OF RETAINING LATENT FINGERPRINTS

Page 2 of 4
CR-706 (8/03)(st.4)
SEARCH WARRANT

AS 12.35.010-.120
Crim. R. 37

000018

SEARCH WARRANT NO. 05-855

YOU SHALL MAKE THE SEARCH:

☐  immediately.

☐  within _____ (days)(hours).

☒  within 10 days.

☐  contingent upon the happening of the events expected to occur as set forth in the supporting testimony, specifically _____
_____
_____

(SEAL)

_____8-26-05_____          _____
            Date                                      Judge

_____1:15___, (a.m.)(p.m.)      _____
       Time Issued                        Type or Print Judge's Name

┌─────────────────────────────────────────────────────────────────────┐
│ TELEPHONIC SEARCH WARRANTS. If this search warrant was issued by telephone, the │
│ judicial officer named above has orally authorized the applicant for this warrant to sign the │
│ judicial officer's name. AS 12.35.015(d).                                       │
│                                                                       │
│ Time Warrant Served: _____                 │
└─────────────────────────────────────────────────────────────────────┘

RECEIPT AND INVENTORY OF PROPERTY SEIZED

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Page 3 of 4**
CR-706 (8/03)(st.4)                           AS 12.35.010-.120          000019
SEARCH WARRANT                                Crim. R. 37

SEARCH WARRANT NO. _05-855_

### RECEIPT AND INVENTORY OF PROPERTY SEIZED
(Continued)

_SEE ATTACHED PIEs PAGES of , AND APD NARRATIVE FORMS (Page 2 of 2) TITLED Exhibit "O"_

### RETURN

I received the attached search warrant on _August 26_ , 20 _05_ , and have executed it as follows:

On _August 26_ , 20 _05_ , at _2:00_ a.m./p.m. I searched (the person)(the premises) described in the warrant, and I left a copy of the warrant (with)(at) _IN VEHICLE_
(person warrant was left with or place warrant was left)

The above inventory of property taken pursuant to the warrant was made in the presence of _Det. Vondolteren_ and of _Det. Penman_ .
I swear that this inventory is a true and detailed account of all property taken by me on the authority of this warrant.

_Det. VonDolteren_
Name and Title

Signed and sworn to before me on _September 6_ , 20 _05_ .

_M. ____
Judge
NOTARY_

(SEAL)

My Commission Expires
June 14, 2007

Page 4 of 4
CR-706 (8/03)(st 4)
SEARCH WARRANT

AS 12.35.010-.120
Crim. R. 37                   000020

IN THE TRIAL COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

IN THE MATTER OF                          )
THE APPLICATION FOR                       )
SEARCH WARRANT                            )

3ANS 05- _855_ SW

AFFIDAVIT OF S. HAAS

I, S. Haas, being first duly sworn on oath, hereby depose and state:

1. I am a Police Officer employed by the Municipality of Anchorage Police Department (A.P.D.) and am presently assigned to the Patrol Division.

2. I have been an Anchorage Police Officer for about nine (9) years.

3. For approximately three (3) years I was assigned to the Special Assignment Unit. We were tasked with investigating Vice crimes such as street level narcotics, prostitution, gambling, and other special projects. There I conducted and was a participant in numerous drug investigations acting as the case officer, undercover officer, serving search and arrest warrants, identifying and testing various controlled substances.

4. Prior to being assigned in the Special Assignment Unit I was assigned to the Anchorage Police Department's Patrol Division after graduating from field training. That assignment entailed the day to day investigation of crimes including but not limited to; cases involving controlled substances, domestic violence and other person crimes, as well as weapon offenses and property crimes. My duties during this assignment included interviewing witnesses, victims and suspects to a variety of crimes and the collection and preservation of evidence.

5. I have graduated from the Anchorage Police Department Academy in August of 1996. I have received specialized training narcotic investigations including Clandestine Laboratories, Rave Clubs and Designer Drugs, Reid Technique of Interviewing and Interrogation, Advanced Reid Technique of Interviewing and Interrogation, DEA Basic Drug Investigation, and Domestic Drug Highway Interdiction, Indoor Marijuana Grow Investigations.

Affidavit of S. Haas

000021

6. The majority of my police experience has been as a Patrol Officer. My duties include watching for illegal activities, interviewing witnesses, victims and suspects, developing probable cause for cases, identifying people involved, handling and processing various types of evidence, and assembling cases for possible prosecution.

7. In my career as a police officer I have conducted multiple contacts with people in the investigation of various crimes, including knock and talk investigations for various crimes. I have served or assisted in serving several narcotic-related search warrants. These investigations have resulted in the seizure of powder cocaine, cocaine base or "crack", marijuana grow operations, heroin, marijuana and methamphetamine. As part of these investigations I have also interviewed, and continue to interview, suspects involved in narcotics-related violations to further my knowledge of the drug culture in Anchorage and elsewhere.

8. In my experience and the experience of other members of the Anchorage Police Department, it is common in the drug trade to use vehicles to transport and distribute drugs, and to also conceal drugs in vehicles.

9. In my experience and the experience of other members of the Anchorage Police Department, it is common for people involved in the drug trade to travel extensively intrastate, interstate, and internationally to ferry drugs and money back and forth.

10. In my experience and the experience of other members of the Anchorage Police Department, it is common for persons involved in the drug trade to have other people, not known to law enforcement, to rent vehicles, pagers, cellular phones, and residences in order to conceal their activities.

11. The information contained herein was obtained either by my personal knowledge, or from the reports of, or interviews with other police officers involved in this investigation.

**CURRENT INVESTIGATION**

12. On 08-26-2005 at about 0950 hours I was at the intersection of Minnesota/Spenard which is in the city of Anchorage, in the 3rd Judicial District. I noticed a vehicle to my left, a maroon older BMW, bearing Alaska License plate CSB804. The vehicle looked familiar as I have an upcoming traffic court case involving an older maroon BMW that I stopped as it had no license plates on it. The driver of that vehicle, Kovi Linden, was on probation for misconduct involving a controlled substance. I ran the license CSB804 and APSIN showed that it comes back to a 1989 red Dodge Carivan registered to a Scott D Evers or Sheryl Newman-Evers at 630 W 4th Ave. This information obviously did not match the BMW that the license plate was on.

13. I turned on my overheads and pulled in behind the vehicle which pulled over in the Holiday Gas Station at the corner of Minnesota/Spenard. Before I could get out of my vehicle the driver got out of his vehicle and started walking back towards me. I made contact with the driver, who identified himself by his Alaska Driver's license as Jerry Franklin. I told Franklin to have a seat in the vehicle and then asked him for his registration and insurance. Franklin said that the vehicle did not belong to him that he was just borrowing it it to run some errands. He said that the vehicle belonged to a Kendall Reed who is a cook down at the 4th Avenue Theater.

14. Franklin said that he did not have insurance for the vehicle and did not know if the owner, Reed, had any insurance for the vehicle. When I told Franklin that the BMW looked familiar as I had stopped one not too long ago he said that "they" had gotten a couple of older BMWs at an auction. Franklin said that he just moved to Anchorage a couple of weeks ago and is living at 801 Airport Heights #131. Franklin made several phone calls on a cell phone that was covering with marijuana leaf symbols.

15. I ran the VIN on the vehicle, WBAAG3302B8013492 which came back to a 1989 maroon BMW registered to Lawrence Dinneon and Jeanette Dinneon that expired November 2003. There was also a message showing that the vehicle had been junked by owner on 09-30-2003.

16. I issued Franklin citations for Expired Registration and Misuse of Plates. I also issued him a summons to appear in court for Driving Without Insurance. Based on that he was driving without insurance in effect, I requested a tow truck for the vehicle and informed Franklin that I would be impounding the vehicle and that he needed to call for a ride and take whatever he wanted out of the vehicle. I watched Franklin place a car stereo in a backpack that was on the front seat. A tow truck from Aurora Towing arrived.

17. APD Policy is conduct an inventory on all vehicles that are impounded. I began to conduct my inventory checking the front passenger side of the vehicle.

Franklin was talking on the phone and began walking to the south. On the front passenger floorboard was a basket. Inside the basket I found a clear glass dish that had white residue in the corners. There was also a white box containing glass vials that appeared to be empty. I looked around for Franklin and could not see him anywhere. Believing that his ride had shown up and he left I then opened a backpack that appeared to be full that was sitting on the front passenger seat and found a portable methamphetamine lab inside the backpack. The first item I could see was a clear glass jar that contained what appeared to be processed methamphetamine. I could also see a Gatorade bottle that been taped closed at the top along with several other jars all of which are typically used in the production of methamphetamine. After finding the meth lab I asked the tow truck driver said that he last saw the driver of the vehicle walking south along Minnesota talking on his cell phone.

18. After finding the meth lab I stopped searching any further in the vehicle so that I could apply for a search warrant.

## SUSPECT INFORMATION

19. Jerry Franklin is a WMA, born 06-03-1961, SSN 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. APSIN shows his address as 26090 Stariski Loop in Homer, Alaska. Franklin has the following convictions; 06-04 Fail To Obey Citation/Appear In Court, 03-04 Fail to Obey Citation/Appear In Court. And 03-04 DWOL.

20. Kendall Reed is a WMA born 12-18-1962, SSN 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. APSIN shows his address is 801 Airport Heights #129. Reed has the following convictions; 08-01 Controlled Substance 3 and 07-01 Controlled Substance 4. Reed is convicted Felon and according to APSIN is on DOC house arrest from 07-25-2005 to 11-12-2005 and to "no drink drug weapons". I have personal knowledge that Reed was arrested and convicted in 2001 for distribution of methamphetamine as the result of an undercover operation that I was a participant in.

21. Kovi Linden is a WMA born 07-12-1976 SSN 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. APSIN shows his address is 2001 Horizon Ct. Linden has the following convictions; 10-99 Controlled Substance 4. Linden is also on probation with Kenai Probation/Parole.

## REQUESTS

22. Based on the above information, AFFIANT has reason to believe that vehicle VIN WBAAG3302B8013492 contains a methamphetamine lab, methamphetamine, other related drug paraphernalia and that this vehicle may contain evidence listed in Attachment A as well as fingerprints inside the vehicle. I request the court grant a search warrant for the vehicle, bearing VIN WBAAG3302B8013492, for those items listed in attachment A. The vehicle is currently secured at APD's Outdoor Secure Storage area.

23. Due to the sensitive nature of this investigation and information contained within the affidavit that may compromise future drug investigations, I request the court to relax Rule 53 requiring that a copy of the affidavit be left at the location at the time the warrant is served. Should the subject of the investigation or others they associate with learn of this ongoing investigation, I believe that this investigation would be prematurely terminated.

24. I respectfully request that this authorization be sealed by the court utilizing the attached envelope in order to prevent unauthorized persons from seeing this affidavit and authorization.

Dated this _26th_ day of _August_, 2005

S. Haas, Patrol Officer
Anchorage Police Department

Subscribed and sworn to or affirmed.

Before me on this _26th_ day of _____, 2005

Judge or Magistrate

Affidavit of S. Haas                    Page 5                            000025

Exhibit A
Page 9 of 12

SW 00  05 : 835

## ATTACHMENT #A - METHAMPHETAMINE

### Controlled Substances and Paraphernalia:

Methamphetamine in any form, methamphetamine derivatives, methamphetamine cutting agents, adulterants or materials, methamphetamine paraphernalia including, but not limited to syringes, spoons, straws, strainers, tooters, mirrors, razor blades, vials, grinders, Deering equipment, propane torches, glass pipes and other pipes used to smoke methamphetamine, stash containers;

### Manufacture Paraphernalia

Chemicals used in the manufacture of methamphetamine including but not limited to; hydriodic acid, red phosphorus, acetone, denatured alcohol, naptha, white gas, iodine, ephedrine, pseudoephedrine, hydrochloric acid, sodium hydroxide, ether, freon, hydrogen chloride gas, lithium metal, sodium metal, ammonia, and any other precursors, reagents, and solvents used to manufacture methamphetamine.
Laboratory equipment used in the manufacture of methamphetamine including; but not limited to; recipes, instructions, filters, funnels, scales, glassware, hoses, respirators, gas masks, rubber gloves, heating sources, grinders, vacuum pumps, and any other processing equipment used to manufacture methamphetamine;

### Packaging Materials:

Items used for packaging controlled substances including but not limited to scales, baggies, bags, glass or plastic vials, paper bindles, foil bindles, envelopes;

### Items Relating to Illegal Transactions:

Any written documents relating to illegal transactions involving a controlled substance including but not limited to computer discs, computer records, and computers, business records, account books or ledgers, notebooks, check registers, checks, canceled checks, bank books, bank statements, safe deposit box keys, tax returns and other tax records, letters, notebooks, records showing any controlled substance transactions, telephone records, address and telephone books, video tape recordings and/or photographs of people, photographs showing use or distribution of any controlled substance, pagers, cell phones, books pertaining to any controlled substance, its use or distribution;

### Items Showing Ownership, Possession or Control:

Any documents or items tending to show occupancy, ownership, possession or control, including but not limited to keys, utility receipts, mortgage or rent receipts, lease, rental or sale agreements or contracts, credit cards or credit card receipts, letters, other correspondence, bills; any documents or items

000026

SW 00-_____

pertaining to vehicle ownership or control, including but not limited to vehicle registrations, titles, bills of sale, vehicle repair orders or invoices or emissions control inspections; telephone message recorders and tapes;

### Items Showing Identity, Travel or Immigration Status:

Any documents or items showing identity, nationality, or immigration status including but not limited to passports, visas, applications for either immigration documents, "green cards", or entry permits; items showing travel to any foreign country or within the United States including but not limited to airplane tickets, travel itineraries, boarding passes, hotel receipts, gasoline receipts, vehicle rental documents, taxi receipts;

### Forfeitable Firearms:

Any firearm which is visible, possessed and/or carried during or used in furtherance of a violation of AS 11.71;

### Money:

United States currency or any and all moneys, notes or other items of value used in or intended for use in or derived from trafficking in controlled substances.

### Persons on the Premises Searched:
### All persons found on the premises at the time of the warrant service,

000027

# ATTACHMENT B

Based on my training and experience, the evidence found in a methamphetamine laboratory poses serious hazards to the health and safety of investigating officers and members of the neighboring community. Further, the retention and storage of such evidence poses a serious health and safety risk to members of the APD Property and Evidence Section. It is a nationally recognized State and Federal protocol in the investigation of methamphetamine laboratories that the investigating agency be allowed to destroy/dispose of the evidence after photographing it and taking sufficient samples to allow chemical analysis by both law enforcement and the defense, if requested. Further, prior to destruction, items capable of retaining latent fingerprints are examined for the presence of fingerprints, and if practical any latent fingerprints found are recovered prior to destruction.

AMENDMENT BY FAX AND TELEPHONE
08-26-2005  1715 HOURS.

000028