M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JERRY B. FRANKLIN, JR.,<br><br>　　　　　Defendant. | Case No. 3:06-cr-0008-JWS<br><br>**DEFENDANT'S OBJECTIONS TO MAGISTRATE'S INITIAL RECOMMENDATIONS REGARDING MOTION TO SUPPRESS** |

　　　　　Defendant, Jerry B. Franklin, Jr., by and through counsel M. J. Haden, Staff Attorney, hereby files the following objections to the Magistrate's Initial Recommendations Regarding Motion to Suppress at Docket 32.

**I.     Factual Omissions**

　　　　　Mr. Franklin submits that the following paragraphs should be included in the court's findings of fact in that information is relevant to the issue at hand.

- Based on his prior knowledge that Kendall Reed had a previous conviction for manufacturing methamphetamine and his observation of the white residue in the Pyrex dish, Haas reached the conclusion that the vehicle might contain items that were related the manufacturing or possession of methamphetamine prior to his search of the backpack.  Tr. pp. 38, 69.

- Haas did not recall if the white box containing the vials was open or closed. Tr. p. 64.

- Haas agreed that nothing in the APD policy defined how extensive a search an officer should preform when conducting an inventory of an impounded vehicle. He stated that it is up to the individual officer to decide what is obvious or readily apparent. Tr. p. 83.

- Haas agreed with the interpretation that the policy only allowed him to note items that were obvious and readily viewable. Tr. p. 84.

- Haas conceded that the policy did not give him the authority to look in every nook and cranny of the vehicle. Tr. p. 86.

- Haas admitted that although the Pyrex dish had no apparent value, he pulled it out of the basket to take a better look at it and study it. Tr. pp. 92, 93, 94.

- Haas never included the car stereo, nor any other item, on the inventory form. Tr. pp. 80, 84.

## II.  Inventory Policy Does Not Permit the Opening of Closed Containers

In Colorado v Bertine, 479 U.S. 367 (1987), the Supreme Court upheld an inventory search similar in scope to the search in the case at hand. The court did so only because the underlying state law enforcement policy explicitly allowed officers to open all containers while conducting the inventory of the impounded vehicle. In upholding the search, the Bertine Court noted that its decisions "have always adhered to the requirement that inventories be conducted according to standardized criteria." 479 U.S. 367, 373, n.6 (1987) (emphasis supplied) (citations omitted).

Indeed, three of the seven justices in the majority joined Justice Blackmun in a separate concurrence stressing the importance of having such inventories conducted only upon reliance on a standardized procedure. The court explained that the underlying rationale for allowing an inventory exception to the Fourth Amendment warrant requirement is the fact that during a valid inventory search conducted pursuant to a standardized policy,

officers are not vested with the discretion to determine the scope of the search. This ensures that the inventory search will not be used as a ruse for a search to discover evidence of a suspected crime. Thus, under Bertine, the opening of closed containers was only permissible because the officers were following the standardized police procedure that mandated the opening of such containers during the impound inventory of every vehicle. 479 U.S. at 376-77 (concurrence).

       Policies and Procedures 3.04.010 provides the standard policy for Anchorage Police Officers involved in impounding vehicles. Specifically, 3.04.010 C.5.b. directs officers to "[c]onduct an inventory for obvious articles of value, and note same on the Impound Report." The language of this directive is clear. Applying common rules of syntax, the word obvious, immediately proceeding the word articles, must modify articles ant not the word value. Thus, the logical and plain meaning of the phrase "obvious articles of value" is items in plain view, readily apparent to the officer conducting the inventory, that have a perceived value. To further clarify the meaning of the phrase "obvious articles of value," one need only to examine Section B.1.c.(3) of the policy which actually refers to personal property "in plain view." See, e.g., United States v. Ramos-Oseguera, 120 F.3d 1028 (9th Cir. 1997) (local policy that provides for "visible property inventory" did not encompass search of pocket of jeans found in passenger compartment of vehicle and thus violated the Fourth Amendment).

       In its recommendation, the court discounts the Alaska Supreme Court case of State v. Daniel, 589 P.2d 408 (Alaska 1979), and its prodigy, stating that this federal prosecution cannot be limited by the state of Alaska's broader protection against unreasonable searches and seizures. However, the court's holding is inapposite to the

Supreme Court's holdings in South Dakota v. Opperman, 428 U.S. 364 (1976); Colorado v. Bertine, 479 U.S. 367 (1987); and Florida v. Wells, 495 U.S. 1 (1990).  See United States v. Wanless, 882 F.2d 1459 (9th Cir. 1989) (holding that ruling in United States v. Chavez-Vernaza, 844 F.2d 1368 (9th Cir. 1987), that evidence, obtained in accordance with federal law is admissible in federal court even though it was obtained in violation of state law, does not apply to inventory searches in that Opperman and Bertine make it clear, the federal law on inventory searches by state or local police officers is that they must be conducted in accordance with the official procedure of the relevant state or local police department). The Alaska Supreme Court, in its holding in Daniel defined the scope of the state's inventory policy and thus defined the state's policy and procedure.  The Daniel holding must be considered in interpreting the local policy.  The state of Alaska has dictated that the opening of closed containers during an inventory search is prohibited under the state constitution.  Thus, no policy can be construed to allow such a search.  If the search is prohibited under the local policy and procedure, under the holdings of Opperman, Bertine, and Wells it does not fall outside of the warrant requirement and is therefore in violation of the Fourth Amendment.

**III.    Policy Improperly Delegates Scope of Search to Discretion of Individual Officers Thereby Allowing the Officer in this Instance to Use the Ruse of an Inventory Search as a Pretext for Investigation of Suspected Drug Violations.**

The Supreme Court holds that "an inventory search is reasonable under the Fourth Amendment only if it is done in accordance with standard procedures that limits the discretion of the police."  United States v. Wells, 495 U.S. 1, 8 (1990).(emphasis in original).  In Wells, the Supreme Court held that Florida highway patrol officers violated the

Fourth Amendment when, in the course of an inventory search, they opened a locked suitcase and discovered a large amount of marijuana. Id. at 1. "[T]he record contained no evidence of any Highway Patrol policy on the opening of closed containers found during inventory searches," and the Court held that the inventory search "was not sufficiently regulated to satisfy the Fourth Amendment." Id. at 5. The court explained:

> Our view that standardized criteria must regulate the opening of containers found during inventory searches is based on the principle that an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence. The policy or practice governing inventory searches should be designed to produce an inventory. The individual police officer must not be allowed so much latitude that inventory searches are turned into "a purposeful and general means of discovering evidence of crime."

Id. at 4, (citations omitted).

In this instance, should the court find that, despite literal wording and Supreme Court of Alaska's holding, that policy 3.04.010 allows for the search of closed containers, Mr. Franklin submits that the APD policy provides more individualized discretion to the officer than allowed under the Fourth Amendment. As admitted by Haas, nothing in the APD policy defined how extensive a search an officer should preform and that it is up to the individual officer to decide what is obvious or readily apparent. Although he conceded that the policy did not allow him to search every nook and canny of the vehicle, he could not, with any certainly, explain what the policy allowed him to do.

Here, Haas admitted that the name Kendall Reed struck a specific connection with the offense methamphetamine manufacturing and thus arose suspicions prior to his search. He admitted that although the Pyrex dish had no apparent value, he removed it and studied it, and that, combined with the information concerning Reed, furthered his

hunch. His suspicions that the vehicle contained evidence and that his search was designed to disclose that evidence are further exposed by the fact that although he earlier had allowed Mr. Franklin to leave the scene, after his discovery of the dish and the vials in white box, he was concerned about Franklin's whereabouts and even asked the tow truck driver if he had seen him. This, coupled with the fact that no actual inventory was ever completed, confirms that Haas used the excuse of an inventory search to justify an otherwise illegal, warrantless, investigatory search of the vehicle in violation of the Fourth Amendment.

## IV.   Conclusion

Based on the above argument, Mr. Franklin respectfully requests that the court vacate its prior recommendation and recommend that Mr. Franklin's motion to suppress be granted.

DATED this 13th day of April, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

<u>Certification</u>:

I certify that on April 13, 2006, a copy of the foregoing document, with attachments, was served electronically on:

James N. Barkeley, Esq.

/s/ M. J. Haden