### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>JERRY B. FRANKLIN, JR.,<br><br>        Defendant. | 3:06-cr-00008-JWS-JDR<br><br>**FINAL RECOMMENDATION REGARDING MOTION TO SUPPRESS**<br><br>(Docket Entry 16) |

       Jerry Franklin, defendant, has timely filed objections to the recommendation addressing his motion to suppress. Docket entry 33. The government did not file a response. Upon due consideration of the objections and response, the magistrate judge declines to modify the recommendation that the motion to suppress be denied. A few brief comments follow.

       The defendant suggests additional facts to be included in the court's findings. Franklin is correct that the car stereo was not listed on the inventory form

prepared at the scene by Officer Haas.  The officer explained that the purpose of the inventory form at the scene changed once he suspected that the vehicle contained evidence of a meth lab.  As stated in the recommendation, the officer noted the car stereo in his police report.  Rec. at p. 5.  Officer Haas testified that he observed the white powder on the Pyrex dish once he lifted the blanket.  Tr. p. 92.  He testified that he did not remember whether he picked up the dish, itself.  Tr. p. 93.

The defendant faults Officer Haas for not being able to explain on cross-examination Policies and Procedures §3.04.010 which addresses impounding vehicles.  The officer is accused of conducting an investigatory search of the vehicle under the guise of an inventory search.  The recommendation rejects the argument that the officer's conduct was tantamount to a ruse for a general rummaging in order to discover incriminating evidence which is prohibited in United States v. Wells, 495 U.S. 1, 4 (1990).

At the same time, Franklin acknowledges that Alaska inventory procedure allows an officer to conduct an inventory for obvious articles of value, But he argues that the officer violated his Fourth Amendment right in his efforts to conduct such search.  Whether the officer should have completed an inventory search form at the scene does not change the fact that he was conducting an inventory search at the time.

There are times when the State of Alaska offers broader protection to an individual under State law, but that does not define the limits of introducing evidence in a federal prosecution.  By way of example, the State of Alaska offers greater protection for possession of marijuana, and the case of <u>State v. Glass</u>, 583 P.2d 872 (Alaska 1978) offers greater protection under State law than federal law for the use of non-consensual taped telephone conversations.  The magistrate judge declines to modify the recommendation.  The motion to suppress should be denied.  The motion shall now move forward to the assigned trial judge for his determination.

DATED this 25th day of April, 2006, at Anchorage, Alaska.

    /s/ John D/ Roberts
JOHN D. ROBERTS
United States Magistrate Judge