DEBORAH M. SMITH
Acting United States Attorney

JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-CR-00008 (JWS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| v. | ) | |
| | ) | |
| JERRY BENJAMIN FRANKLIN, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I.   **Introduction**

   A.   This document contains the complete plea agreement between the

defendant and the United States.  **The defendant understands this agreement**

**is limited to the District of Alaska; it does not bind other federal, state, or**

**local prosecuting authorities.**

B.  The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(A). This means that the defendant may not withdraw from this agreement or the guilty plea, unless the United States does not move to dismiss Count 2 of the Indictment at sentencing, or otherwise fails to honor the provisions of this agreement.

II.  **What the defendant agrees to do**

A.  I, **JERRY BENJAMIN FRANKLIN, JR.**, the defendant, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, do hereby state my agreement to and understanding of this plea agreement. I agree the following obligations are material to this agreement. I agree that any violation of or failure to fulfill these obligations will be a material breach of this agreement.

If I breach this agreement, I understand the United States, in its sole discretion, may withdraw from this agreement and may reinstitute prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, I understand that at an appropriate hearing, during which any of my disclosures will be admissible, the court will determine whether I have violated the terms of this

agreement; the government's burden will be by a preponderance of the evidence. **I agree that it will be a breach of this agreement that, if at any time up to and including the time for imposition of sentence in my case, that I give false or perjurious information or testimony to or before the United States Probation Office, the United States Attorney, or the United States District Court, in any proceeding or setting.**

### B.   Charge to which the defendant is pleading guilty

I wish to enter a plea of guilty to Count 1 of the Indictment, which charges me with knowingly and intentionally possessing , with intent to distribute, 5 or more grams of actual methamphetamine, its salts, isomers, or salts of its isomers, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

### C.   Elements of the offense

My attorney has explained the charge to which I am pleading guilty and the elements necessary to establish my guilty plea.  I understand that in order to sustain a conviction for possession with intent to distribute five grams or more of actual methamphetamine, its salts, isomers or salts of its isomers, a violation of 21 U.S.C. § 841(a)(1) and(b)(1)(B) as charged in this case, the United States would have to prove beyond a reasonable doubt the following elements:  (1) that I knowingly possessed 5 or more grams of actual methamphetamine, its salts,

isomers or salts of its isomers; (2) and that I possessed it with the intent to distribute that substance to another person or persons.

### D. Waiver of trial, appellate, and collateral attack rights

By pleading guilty, I understand that I give up and I agree to waive the following rights:

-- If applicable, the right to have the charges against me presented to the grand jury prior to entering my plea of guilty;

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issues of my guilt or sentence, and my interest in any forfeitable assets;

-- The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial -

- I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person (except my right to pursue a direct appeal, to the Ninth Circuit Court of Appeals, of the denial of the suppression motion filed on my behalf in this case at docket No.16 ).

I understand that pleading guilty acts as a waiver of the right to appeal my conviction, excepting only that by this agreement I am being allowed to pursue a direct appeal of the suppression motion filed on my behalf in the district court. I also understand and agree that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence consistent with its terms, including any forfeiture and any terms or conditions of probation (if applicable) or supervised

release, and which does not exceed the statutory maximum penalties, I will knowingly and voluntarily waive the right, contained in 18 U.S.C. § 3742, to appeal the sentence – including forfeiture or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution– the court imposes. Furthermore, I also knowingly and voluntarily agree to waive the right to collaterally attack my conviction and/or sentence – including forfeiture or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution– the court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at the time the court imposes sentence; and 2) a challenge to the voluntariness of my guilty plea. I also agree that if the my guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if my sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to continue to prosecute me on all charges arising out of the investigation of this case for which there is probable cause.

### E. Conditional Plea of Guilty To Count 1 of the Indictment

The parties hereby seek the Court's acceptance of this agreement, wherein

it allows the defendant to enter a conditional plea of guilty to Count 1 of the Indictment, pursuant to the provisions of Federal Rule of Criminal Procedure 11(a)(2). The defendant hereby reserves the right to have the Ninth Circuit Court of Appeals review an adverse determination of a specified pretrial motion, to wit, the suppression motion filed by defendant on or about March 15, 2006 at docket No.16. The United States agrees that, should the defendant prevail on appeal, the defendant may then withdraw his guilty plea.

### F.     Additional consequences of a felony conviction

I understand that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury.

### G.     Maximum statutory penalties

I understand the maximum statutory penalties for distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), include the following from the facts upon which my plea will be entered: 1) 5 to 40 years imprisonment, 2) a $2,000,000 fine, 3) a $100 mandatory special assessment, and 4) a mandatory minimum four-year term of supervised release. I understand the following may also apply and affect my sentence: (1) pursuant

to Comment 7 of U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and a supervised release term, as previously mentioned; (2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date, not including weekends and holidays; (3) upon violating any condition of supervised release, a, further term of imprisonment equal to the period of the supervised release may be imposed by the court, with no credit for the time already spent on supervised release; (4) the court may order that I pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

I agree I will owe the entire special assessment in this case on the day the court imposes sentence. I understand that all payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### H.    Application of the United States Sentencing Guidelines

I understand the court has discretion to impose any sentence available for the offense of conviction. I understand the court must consult and may rely upon the United States Sentencing Commission Guidelines [U.S.S.G.] when considering the sentence to impose in my case. I also understand that while the

U.S.S.G. are not mandatory and that the court is not bound to impose a sentence recommended by the U.S.S.G., the court may nonetheless find the sentence range based on the U.S.S.G. to be reasonable in my case. The United States and I have reviewed the possible sentencing ranges available under the U.S.S.G. for my case.

*SUMMARY:* **Count 1**

*BASE OFFENSE LEVEL § 2D1.1(c)(7)* .................. 26

*ACCEPTANCE OF RESPONSIBILITY §3E1.1* ............. -3

*NON BINDING ESTIMATED TOTAL*....................... 23

*NON BINDING ESTIMATED CRIMINAL HISTORY (1 pt.)* I

*NON BINDING ESTIMATED SENTENCING RANGE* .................. 60*-46-57 months
\* The statutory mandatory minimum sentence is 60 months.*

*SUPERVISED RELEASE RANGE* .............. min. 4 years

*FINE RANGE* .......................... $15,000 - $150,000

I.   **Satisfaction with counsel**

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the court and enter

my guilty plea. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has also investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction, and I understand that any issues that we did not raise before the court, as well as any raised, but not ruled on in my favor shall be waived by my entry of a guilty plea. We have discussed the statutes applicable to my offense and sentence as well as the effect of the United States Sentencing Commission Guidelines on my sentence.

### J. Factual basis for the plea

I admit that the charge against me in Count I of the Indictment is true and stipulate to the truth of the following factual basis for my plea and that it supports my guilty plea in this case:

On August 26, 2005, in Anchorage, Alaska, I, **JERRY BENJAMIN FRANKLIN JR.**, the defendant, knowingly possessed approximately 12.4 grams of actual methamphetamine, with the intent to distribute it to another person, whether or not for money or anything of value. On this date, I knew I was possessing a controlled substance. On that date, the weight of the methamphetamine was at least 12.4 grams. The total amount of actual

methamphetamine that I possessed during the relevant time of the investigation in my case was limited to 12.4 grams of actual methamphetamine, its salts, isomers, or salts of its isomers.

### III. What the United States agrees to do

A.   In exchange for the defendant's plea of guilty to Count I of the Indictment, the United States agrees it will not prosecute the defendant further for any offense -- now known -- arising out of the subject of the investigation related to the charging instrument in this case and the defendant's admissions in support of the guilty plea. The United States also agrees to move for dismissal of Count 2 of the Indictment at imposition of sentence. Finally, the government agrees that it possesses no evidence of additional actual methamphetamine, or evidence in the nature of additional (drug quantity) relevant conduct under U.S.S.G. Section 2D1.1; the meth lab equipment, chemicals and supplies that the defendant also possessed on August 26, 2005 constituted hazardous waste/materials and were destroyed by seizing authorities in the interests of officer and public safety.

Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, or if the

defendant breaches this plea agreement, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

  B. If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting the underlying criminal conduct and the defendant meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

## IV. Adequacy of the agreement

  Pursuant to Local Criminal Rule 11.2 (D) (7) and (9), this plea agreement is appropriate in that it applies the same sentencing considerations that would otherwise be applicable to the defendant's sentence if the defendant had gone to trial and had been convicted of the counts in the charging instrument. The sentence to be imposed under the terms of this plea agreement will serve to

adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide the defendant an opportunity for rehabilitation.

**V.    The defendant's acceptance of the terms of this plea agreement**

By my signature below, I, **JERRY BENJAMIN FRANKLIN, JR.,** affirm that this document contains all of the agreements made between me– with the assistance of my attorney– and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement.

I understand that I have a right to plead not guilty and proceed to trial, and that no one can force me to plead guilty. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I shall inform the judge when I stand before him to enter my plea. If there were any other agreements not in this document, I would so inform the court.

I understand the court will ask me under an oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea

agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily and intelligently. I also understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count I of the Indictment.

DATED: 4-25-06

JERRY BENJAMIN FRANKLIN, JR.
Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly, intelligently, and voluntarily entering into this agreement and entering a plea of guilty. I know of
//

//

no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 4/25/06

M. J. HADEN
Attorney for FRANKLIN

On behalf of the United States, the following accept JERRY BENJAMIN FRANKLIN's offer to plead guilty under the terms of this plea agreement.

DATED: 5/1/06

JAMES BARKELEY
Assistant U.S. Attorney
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-1500
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

DATED: 5/2/06

DEBORAH M. SMITH
Acting United States Attorney
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: deb.smith@usdoj.gov