FILED

MAY 29 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED

JUN 1 4 2007

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-30440 |
| Plaintiff - Appellee, | D.C. No. CR-06-00008-A-JWS |
| v. | |
| JERRY BENJAMIN FRANKLIN, JR., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted May 8, 2007
Seattle, Washington

Before: BRUNETTI, McKEOWN, and W. FLETCHER, Circuit Judges.

On January 17, 2006, a two-count indictment was filed against the defendant-appellant in this case, Jerry B. Franklin Jr. ("Franklin"). Count One of the indictment charged Franklin with possession with intent to distribute 5 or more grams of methamphetamine. 21 U.S.C. §§ 841(a)(1), (b)(1)(B). Count Two of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

indictment charged Franklin with attempted manufacture of methamphetamine. 21 U.S.C. §§ 841(b)(1)(C), 846.

In response, Franklin filed a motion to suppress, arguing that all the evidence used to support the government's indictment was the product of an unlawful inventory search and thus needed to be excluded. A magistrate judge recommended that Franklin's motion be denied, and the district court ultimately adopted the magistrate's recommendation.

Thereafter, Franklin entered a conditional plea of guilty and was sentenced to 60 months in prison and 48 months of supervised release. As part of his guilty plea, however, Franklin reserved the right to appeal, and now does, the district court's denial of his motion to suppress.

We review the district court's denial of the motion to suppress de novo. *United States v. Kemmish*, 120 F.3d 937, 939 (9th Cir. 1997).

Franklin's motion concerns a routine inventory search of his vehicle conducted by City of Anchorage Police Officer Steven F. Haas ("Haas"). During his inventory search, Officer Haas discovered a zipped green backpack and a green and tan wicker basket completely covered on top by a black and white blanket. Despite the fact that both the basket and the backpack were closed, Officer Haas opened the containers, finding inside certain evidence which he

suspected was related to the sale and manufacture of methamphetamine. On the basis of this evidence, Haas sought and eventually obtained a state-issued search warrant. A search of Franklin's vehicle pursuant to this warrant uncovered even more equipment used in the manufacture of methamphetamine, as well as 12.4 grams of actual methamphetamine.

As discussed above, the district court upheld Officer Haas' search. The court held that Officer Haas, consistent with local procedures, looked inside the basket and backpack in order to ensure officer safety, as well as to protect Franklin's property. For the court, a search serving these purposes was clearly valid under the Fourth Amendment. In addition, the court stated, the fact that Officer Haas' inspection of the basket and backpack might have been invalid under Alaska law was irrelevant, for the validity of an inventory search in federal court must be judged solely against the Fourth Amendment. As such, all the evidence found by Haas during the inventory search was admissible.

We now reverse and remand.

As the government acknowledges, in evaluating the validity of Officer Haas' routine inventory search we must adhere to Alaska state law. *United States v. Wanless*, 882 F.2d 1459, 1463-64 & n.7 (9th Cir. 1989).

According to Alaska law, an officer conducting a routine inventory search may not open or inspect any "closed, locked or sealed luggage, container[], or package[] contained within a vehicle." *State v. Daniel*, 589 P.2d 408, 417-18 (Alaska 1979). That is exactly what happened here. During his inventory search of Franklin's car, Officer Haas opened and inspected both the covered basket and the zipped backpack. By doing so, Officer Haas rendered his entire search of these items invalid. *See id.* at 418.

As such, Franklin's motion must be granted and all the evidence found inside the basket and backpack, as well as all the evidence found during the later warrant search, must be suppressed. *See United States v. Vasey*, 834 F.2d 782, 788-89 (9th Cir. 1987).

**REVERSED AND REMANDED**

4

A TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST

JUN 0 6 2007

by: _____
Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
06-30440 USA v. Franklin

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | James N. Barkeley, Esq.<br>FAX 907/271-1500<br>907/271-3699<br>[COR LD NTC aus]<br>Jo Ann Farrington, Esq.<br>FAX 907/271-1500<br>907/271-5071<br>Rm. 253<br>[COR LD NTC aus]<br>USAK - OFFICE OF THE U.S.<br>ATTORNEY<br>Federal Bldg. & U.S. Courthouse<br>222 W. Seventh Ave.<br>Anchorage, AK 99513-7567 |
| v. | |
| JERRY BENJAMIN FRANKLIN, JR.<br>    Defendant - Appellant | Mary Jane Haden, Esq.<br>FAX 907/646-3480<br>907/646-3400<br>Ste. 800<br>[COR LD NTC afp]<br>FPDAK - FEDERAL PUBLIC<br>DEFENDER'S OFFICE (ANCHORAGE)<br>601 W. Fifth Ave.<br>Anchorage, AK 99501 |